IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-245-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  CHRISTOPHER LYMAN,

    Defendant.

## GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER REGARDING DIGITAL DEVICE EXTRACTIONS AND ASSOCIATED REPORTS

The United States of America, by United States Attorney Jason R. Dunn, through Assistant United States Attorney Andrea Surratt, moves for a Protective Order pursuant to Fed. R. Crim. P. 16(d)(1) covering discovery concerning all digital storage extractions and associated reports in this case. As grounds for this motion, the government states:

Throughout the course of the investigation in this case several digital devices, including cell phones, were searched pursuant to search warrants or consent. The searches have yielded forensic images of the devices and, in some instances, reports which present the contents of the devices in a more user-friendly format. Some of the content on the devices has proven relevant to the charges alleged in the Indictment [CM/ECF Document #1], but some of the devices also include information pertaining to family members or associates who appear to have no connection to the alleged criminal conduct in this case.

The government seeks to provide a copy of the digital storage extractions and associated reports to the defendant in this case, but respectfully requests a Protective

Order to impose requirements of care and control for these materials.

Fed. R. Crim. P. 16(d)(1) gives the Court broad authorization to issue an appropriate Protective Order governing discovery: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

Contact information for, photographs of, and private conversations with family members and associates not related to the criminal conduct in this case are matters each defendant may reasonably wish to protect from unnecessary dissemination. These sorts of materials and information are susceptible to misuse and abuse. Provision of these materials to individuals who do not need the materials to further the legal defense of the defendant in this case could pose an undue risk to the privacy or safety of the defendants or people they care about.

The undersigned Assistant United States Attorney has communicated her concerns with disclosing the above-described materials without a protective order and her intent to submit this motion to the defendant's counsel. Counsel expressed that he does not oppose this motion or the terms of the proposed protective order.

## **REQUESTED TERMS**

1.      All cell phone, computer, or digital storage extractions and associated reports pertaining to individuals other than Christopher Lyman shall be used only for official purposes related to judicial proceedings in this case, to include any appeal, and for no other purpose.

2.      To designate material covered by this Protective Order, the parties shall so designate, on the material itself, in an accompanying cover letter, or on a disc covered with the following designation: "SENSITIVE INFORMATION – SUBJECT TO

2

PROTECTIVE ORDER [Doc ___]."

    3.    Where a defendant has been detained pending trial pursuant to 18 U.S.C. §§ 3142 or 3145, the defendant shall review all discovery contemplated by this order with his attorneys or designated agents of the defense team. The defendant will not be permitted to possess the discovery contemplated by this order when his attorneys or agents of his defense team are not present.

    4.    Where a defendant is on bond, the material may be reviewed under the supervision of the defense attorneys who have entered their appearance in this case, their associates, and the confidential employees or assistants working with such defense attorneys. The material will not be entrusted to the care and custody of the defendant without such supervision. Defendants on bond are not to e-mail, print, or duplicate the material.

    5.    With the exception of copies prepared by counsel of record, their staff or retained experts for official use in relation to this case, unless the attorneys for the defense and the government come to a specific understanding to the contrary, the cell phone, computer, or digital storage extractions and associated reports pertaining to another defendant in this case shall not be copied, reproduced, published, or publicly circulated by the defense without further order of Court or until such material is used in judicial proceedings at the time of trial or in official hearings or proceedings related to this case.

    6.    In the event the defense and the government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may exempt such material by mutual agreement. Conversely, if the parties cannot

agree on redaction as an appropriate remedy for some of the material, they will seek a ruling by the Court. Similarly, in the event the defense and government disagree or are unclear about the meaning or application of this Order with respect to some document, digital file, or other material in this case, the parties may bring the issue to the attention of the Court.

7.   At the conclusion of the case (to include any appeal or collateral attack pursuant to 28 U.S.C. § 2255), all cell phone, computer, or digital storage extractions and associated reports pertaining to another defendant in this case may be returned to the government or disposed of or stored in a manner that prevents unauthorized disclosure, unless directed otherwise by an Order of the Court.

## **CONCLUSION**

The government believes a Protective Order with the foregoing terms will adequately protect the privacy and safety interests each individual may have in his own cell phone, computer, or digital storage extractions and associated reports. Accordingly, the government will provide a copy of all cell phone, computer, or digital storage extractions and associated reports forthwith if the Court issues the requested Protective Order pursuant to Fed. R. Crim. P. 16(d)(1). The United States Attorney's Office may require that the attorneys for the defendants provide a blank hard drive or other digital

storage medium of sufficient size in order to create and produce a full copy of the digital device extractions.

Respectfully submitted this 28th day of June, 2019.

>JASON R. DUNN
>United States Attorney
>
>*s/ Andrea Surratt*
>BY: Andrea Surratt
>Assistant United States Attorney
>U.S. Attorney's Office
>1801 California Street, Suite 1600
>Denver, CO 80202
>303-454-0100
>andrea.surratt@usdoj.gov