IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 19-cr-00245-WJM

UNITED STATES OF AMERICA,

v.

CHRISTOPHER LYMAN

___

**UNOPPOSED MOTION FOR CONTINUANCE**
___

COMES NOW the undersigned, on behalf of the Defendant, Mr. Christopher Lyman, and requests that the Court continue the trial date by ninety (90) days pursuant to 18 U.S.C. 3161(h)(1) and (7)(a) in furtherance of the ends of justice. In addition to a continuance of the trial date, the Defendant requests that the motions submission deadline also be reset. In support thereof, Mr. Lyman states as follows:

### Conferral

Undersigned counsel has conferred with the Government who does not oppose the relief requested herein.

### Facts

1. Mr. Lyman was indicted for Money Laundering in violation of 18 U.S.C. §1956(a)(3)(B) and Operating an Unlicensed Money Transmitting Business in violation of 18 U.S.C. § 1960.

2. A discovery conference was held on June 18, 2019. Following this conference, unsigned counsel and the Government have been working through discovery issues

that required protection orders prior to the disclosure of discovery to the Defense. Those issues were resolved on July 8, 2019, and the Defense expects to receive discovery in the next day or two.

3. The current motions deadline is set for July 17, 2019, which is in eight (8) days. Trial is set to begin on August 26, 2019.

4. In order to adequately prepare for trial and determine what motions must be filed, undersigned counsel must be able to thoroughly review discovery and take the necessary investigatory steps based upon a review of that evidence.  Without the ability to do so, undersigned counsel will not be appropriately prepared for trial or motions practice, and as a result, may provide less than effective representation to Mr. Lyman.

**Law**

Pursuant to 18 U.S.C. 3161(h)(7)(A), a Court may exclude delay from speedy trial calculations if such delay serves the ends of justice and those ends "out weight the best interest of the public and the defendant in a speedy trial." *Id.*  Applicable factors that the Court should consider in determining whether the requested delay should be granted in this case include:

a) Whether a failure to grant the continuance would result in a miscarriage of justice pursuant to 18 U.S.C. § 3161(h)(7)(B)(i);

b) Whether a failure to grant the continuance would deny counsel for the Defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence 18 U.S.C. § 3161(h)(7)(B)(iv); and

c) The diligence of the party requesting the continuance; the likelihood that

2

the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; inconvenience to the opposing party, its witnesses, and the Court; and the need for the continuance and the prejudice the defendant might suffer as a result of the district court's denial of the continuance. (*United States v. West*, 828 F.2d 1467 (10th Cir. 1987).

## Argument

The requested delay in this case is necessary for undersigned counsel to adequately and effectively be prepared for trial and motions practice. As set forth in the facts section, *supra*, the discovery in the case has not yet been produced due to unexpected delays resulting from the need for protection orders. This has delayed undersigned counsel's ability to prepare for trial, conduct any investigation based upon the discovery or identify any issues that might need to be litigated via motions. Without a delay in the proceedings, undersigned counsel will be unable to effectively represent Mr. Lyman.

Undersigned counsel has discussed the need for delay with Mr. Lyman, and he does not believe that such a delay will prejudice him in any fashion. Similarly, undersigned counsel has conferred with Government Counsel and the Government does not oppose the requested delay. Therefore, a balancing of the factors weighs in favor of Mr. Lyman's request for a continuance, and a ninety (90) days exclusion from the speedy trial clock is necessary to further the ends of justice.

WHEREFORE, Mr. Lyman respectfully requests that the Court continue the trial date in this matter and approve a ninety (90) exclusion from speedy trial calculations. Mr. Lyman also requests that the Court establish new deadlines for the filing and litigation of motions in this matter.

Dated this 9th day of July 2019.

**AVISO LAW LLC**

*/s/Ryan S. Coward*
Ryan S. Coward, #38906
618 N. Tejon St.
Colorado Springs, CO 80903
Telephone: (719) 247-3111
Fax: (719) 297-3814
E-Mail:  ryan@avisolawllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July 2019, I electronically filed the foregoing **UNOPPOSED MOTION FOR CONTINUANCE** via CM/ECF.

*/s/Ryan Coward*
Ryan Coward