IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 19-cr-00245-WJM

UNITED STATES OF AMERICA,

v.

CHRISTOPHER LYMAN

_____

**UNOPPOSED MOTION FOR CONTINUANCE #2**
_____

COMES NOW the undersigned, on behalf of the Defendant, Mr. Christopher Lyman, and requests that the Court continue the trial date by ninety (90) days pursuant to 18 U.S.C. 3161(h)(1) and (7)(a) in furtherance of the ends of justice. In addition to a continuance of the trial date, the Defendant requests that the motions submission deadline also be reset. In support thereof, Mr. Lyman states as follows:

### Conferral

Undersigned counsel has conferred with the Government who does not oppose the relief requested herein.

### Facts

1. Mr. Lyman was indicted for Money Laundering in violation of 18 U.S.C. §1956(a)(3)(B) and Operating an Unlicensed Money Transmitting Business in violation of 18 U.S.C. § 1960.

2. Trial in this matter is currently set for December 2, 2019. This date was set following a ninety (90) continuance of the initial trial date. The motions deadline is

currently set for October 21, 2019.

3.  Thus far, discovery in this case consists of nearly 7,000 pages of documentary evidence, cell phone extractions from several cellular phones, cellular phone records, hours of law enforcement audio recordings, complex financial investigation records, and most notably, highly complex and technical Bitcoin records.

4.  The Bitcoin records, in particular, have required a substantial time investment by defense counsel to understand the records and assess the Government's money laundering investigation. Additional time is necessary for defense counsel to adequately review these complex records on Mr. Lyman's behalf. Without the ability to do so, undersigned counsel will not be appropriately prepared for motions practice and trial.

**Law**

Pursuant to 18 U.S.C. 3161(h)(7)(A), a Court may exclude delay from speedy trial calculations if such delay serves the ends of justice and those ends "out weight the best interest of the public and the defendant in a speedy trial." *Id.* Applicable factors that the Court should consider in determining whether the requested delay should be granted in this case include:

a)  Whether a failure to grant the continuance would result in a miscarriage of justice pursuant to 18 U.S.C. § 3161(h)(7)(B)(i);

b)  Whether a failure to grant the continuance would deny counsel for the Defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence 18 U.S.C. § 3161(h)(7)(B)(iv); and

    c)    The diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; inconvenience to the opposing party, its witnesses, and the Court; and the need for the continuance and the prejudice the defendant might suffer as a result of the district court's denial of the continuance. (*United States v. West*, 828 F.2d 1467 (10th Cir. 1987).

## Argument

The requested delay in this case is necessary for undersigned counsel to adequately and effectively be prepared for trial and motions practice. As set forth in the facts section, *supra*, the discovery in this case has been quite voluminous, especially where Mr. Lyman does not have a team of defense counsel representing him. While Defense Counsel has reviewed well over half of the discovery produced (more than 3,500 pages has been reviewed), several thousand additional pages of discovery must also be reviewed before counsel can begin to advise Mr. Lyman on the strengths and weaknesses of his case and his likelihood of success at trial.

Complicating the discovery review has been the technical Bitcoin records, which require scrutiny and familiarization with a complex technology. Making this more difficult is the need to follow money transactions between Mr. Lyman, third parties, the DEA and other sources in what the Government has alleged to be money laundering. This is further complicated due to the need to match the Bitcoin records with alleged cash transactions, audio recordings and cellular phone records that all correlate to the

activity that the government alleges to be criminal.  This means that instead of simply reviewing records individually, Defense Counsel must engage in a more complex and analytical review of the discovery than to an average federal criminal case.  In order to accomplish this, an additional ninety (90) days continuance of the trial date and motions deadline is necessary.

Undersigned counsel has discussed the need for delay with Mr. Lyman, and he does not believe that such a delay will result in any prejudice.  Similarly, undersigned counsel has conferred with Government Counsel and the Government does not oppose the requested delay.  Therefore, a balancing of the above factors weighs in favor of Mr. Lyman's request for a continuance, and a ninety (90) days exclusion from the speedy trial clock is necessary to further the ends of justice.

WHEREFORE, Mr. Lyman respectfully requests that the Court continue the trial date in this matter and approve a ninety (90) exclusion from speedy trial calculations. Mr. Lyman also requests that the Court establish new deadlines for the filing and litigation of motions in this matter.

Dated this 9th day of October 2019.

**AVISO LAW LLC**

*/s/Ryan S. Coward*
Ryan S. Coward, #38906
618 N. Tejon St.
Colorado Springs, CO 80903
Telephone: (719) 247-3111
Fax: (719) 297-3814
E-Mail:  ryan@avisolawllc.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 9th day of July 2019, I electronically filed the foregoing **UNOPPOSED MOTION FOR CONTINUANCE #2** via CM/ECF.

           */s/Ryan Coward*
           Ryan Coward